UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| EMMANUEL OSEI, | Case No. 17-CV-0671 (PJS/HB) |
|---|---|

Petitioner,

v.

MN DOC COMMISSIONER TOM ROY,
WARDEN KATHY HALVORSON, ORDER
STATE OF MINNESOTA, et al.,

Respondent.

Emmanuel Osei, pro se.

Kathryn M. Keena, DAKOTA COUNTY ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Emmanuel Osei's objection to the April 10, 2017 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends granting Osei's application to proceed *in forma pauperis* ("IFP"), denying his petition for a writ of habeas corpus and his motion for federal habeas relief, and dismissing the action without granting a certificate of appealability. ECF No. 9 at 6. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Osei's objection and adopts Judge Bowbeer's R&R in its entirety.

Only one matter merits comment. Osei did not file his petition within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). In his objection,

however, Osei contends that the statute of limitations period should be equitably tolled because (1) he lacked legal knowledge, (2) he was incarcerated with limited access to legal help or resources, and (3) he is not fluent in English.

But equitable tolling is available only "when the respondent's conduct has lulled the petitioner into inaction," *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); or the petitioner "pursu[ed] his rights diligently," but "some extraordinary circumstance . . . prevented" him from filing a timely petition, *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016). Mere "lack of legal knowledge or legal resources" is generally not enough to warrant equitable tolling. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). So, too, the Eighth Circuit has refused to equitably toll the one-year filing period for a petitioner who claimed that he "was not fluent in English," even when the petitioner had also "undergone ankle surgery and suffered from arthritis in his hip, and . . . had inadequate access to law books and legal assistance." *Mendoza v. Minnesota*, 100 F. App'x 587, 588 (8th Cir. 2004). In another case, the Eighth Circuit refused to equitably toll the one-year filing period for a petitioner even though the petitioner had been confined to a restrictive mental health unit on "treatment-precaution status" for three months out of the twelve-month filing period. *See Gordon*, 823 F.3d at 1195-96.

Here, Osei has not demonstrated that "extraordinary circumstances beyond [his] control . . . made filing a timely petition impossible." *Cross-Bey*, 322 F.3d at 1015. Osei's

claim that he is not fluent in English is difficult to accept. He was born in Ghana, where English is the official language, and he has been living in the United States for 20 years. More importantly, Osei has submitted several letters that he sent to attorneys and others over the years, and all of them—as well as the other papers that he has filed in connection with his habeas petition (including the petition itself and his objection to the R&R)—are written in fluent English. Osei has not claimed that the prison where he was incarcerated actually prevented him from filing his habeas petition; any such claim would be contradicted by the fact that he actively litigated his state-court petition for post-conviction relief from 2013 to 2015. And as the cases cited above demonstrate, mere incarceration, lack of legal knowledge, or lack of legal resources generally is not enough to warrant equitable tolling.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant's objection [ECF No. 10] and ADOPTS the R&R [ECF No. 9]. IT IS HEREBY ORDERED THAT:

1. Petitioner's IFP application [ECF No. 2] is GRANTED.

2. Petitioner's petition for a writ of habeas corpus [ECF No. 1] is DENIED.

3. Petitioner's motion for federal habeas relief [ECF No. 3] is DENIED.

4. This action is DISMISSED WITH PREJUDICE.

5. No certificate of appealability is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 30, 2017               s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge